■ In the Matter of YANCY W., a Person Alleged to be a Juvenile Delinquent, Appellant. MONROE COUNTY ATTORNEY, Re-

spondent. [647 NYS2d 618] —Order unanimously affirmed without costs. Memorandum: Family Court did not abuse its discretion in directing that respondent be committed to the Division for Youth for placement in a limited secure facility for 12 months. Respondent admitted that he possessed a loaded handgun in public. Based upon that offense, respondent's lack of appreciation of the danger of such conduct, respondent's truancy record and behavior at school, and the apparent lack of supervision in the mother's home, the probation officer concluded that respondent required a structured environment with constant supervision. The record shows that less restrictive alternatives of probation, participation in an alternative-to-placement program, and private placement were fully explored by the Probation Department and Division for Youth and considered by the court. Although the court expressed concern for protection of the community, the record does not support respondent's contention that the court ignored the rehabilitative needs of respondent; the court directed placement in a limited secure facility that could provide schooling and appropriate counseling for respondent. "Absent a clear abuse of discretion, [the court's] determination should stand" (*Matter of Todd B.* [appeal No. 2], 190 AD2d 1035, 1036).

Rather than stating the specific act admitted by respondent, i.e., possession of a firearm, the court, in its order of fact-finding and order of disposition, set forth the complete list of weapons set forth in Penal Law § 265.01 (1). Although the court should have limited its finding to the specific act admitted by respondent, the irregularity does not affect a substantial right of respondent, and no corrective action is required (*see,* CPLR 2001, 5019 [a]). (Appeal from Order of Monroe County Family Court, Kohout, J.—Juvenile Delinquency.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.